# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
| --- | --- | --- |
| SHAWN M. GARVIN,<br>SECRETARY OF THE<br>DELAWARE DEPARTMENT OF<br>NATURAL RESOURCES &<br>ENVIRONMENTAL CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH W. BOOTH,<br>MARGARET A. BOOTH, &<br>THORO-KLEEN, INC.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. S18M-10-040 JJC |

Submitted: March 10, 2022
Decided: March 24, 2022

## <u>ORDER</u>

On this 24th day of March, 2022, having considered Defendants Joseph W. Booth, Margaret A. Booth, and Thoro-Kleen, Inc.'s (hereinafter collectively the "Booths") motion for reargument and motion to correct the Court's Opinion and Order, and the response filed by Plaintiff Shawn M. Gavin (hereinafter "DNREC"), it appears that:

1. The Court issued a January 2022 Opinion and Order granting summary judgment on behalf of DNREC in the amount of $105,464.87.[1] The Booths then

---

[1] *Garvin v. Booth et al.*, 2022 WL 247696, at *11 (Del. Super. Jan. 27, 2022).

filed a motion for reargument and a separate motion where they requested that the Court correct portions of its Opinion and Order.

2. Shortly after filing the two motions in February 2022, the Booths filed an interlocutory appeal.[2]  After they filed the appeal, the Supreme Court directed the Booths to show cause as to why their appeal should not be dismissed as improper.[3]  The Booths then voluntarily dismissed that appeal on March 10, 2022.[4] Accordingly, the Court now considers their motions.

3. The standard for a Superior Court Civil Rule 59(e) motion for reargument is well defined.[5]  It will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or the Court has misapprehended the law or facts such that the outcome of the decision would be affected.[6]  A party's request to merely rehash arguments already decided by the Court frustrates the efficient use of judicial resources.[7]  Accordingly, such requests are not appropriate grounds for reargument.[8]

4. Here, the Booths repeat arguments that the Court previously rejected. As the Court explained in its Opinion and Order, 7 *Del. C.* § 9109(e) provides DNREC two independent, and overlapping, claims against the Booths: (1) one for failure to comply with an Order that required the Booths to pay planning and study costs; and (2) a second claim permitting DNREC to independently collect all remedial costs incurred through a Superior Court suit.[9]  The $105,464.87 award

---

[2] Notice of Appeal, *Garvin v. Booth et al.*, No. 62, 2022 (Del. Feb. 26, 2022).
[3] Notice to Show Cause, *Garvin v. Booth et al.*, No. 62, 2022 (Del. Feb. 28, 2022).
[4] Notice of Voluntary Dismissal, *Garvin v. Booth et al.*, No. 62, 2022 (Del. Mar. 10, 2022).
[5] *Optical Air Data Systems, LLC v. L-3 Comm'n Corp.*, 2020 WL 2536621, at *1 (Del. Super. May 18, 2020).
[6] *McElroy v. Shell Petroleum, Inc.*, 618 A.2d 91, 1992 WL 397468 (Del. Nov. 24, 1992) (TABLE); *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[7] *Optical Air*, 2020 WL 2536621, at *1.
[8] *Id.*
[9] *Garvin*, 2022 WL 247696, at *4.

includes the amounts paid to Ten Bears Environmental Associates ("Ten Bears") from the Brownfields Development Fund *and* DNREC's out of pocket administrative costs. Both categories of costs incurred are recoverable under both of these independent claims.

5. In their motion, the Booths also fixate upon the Court's mistaken reference to DNREC withdrawing its request for $8,508.16 in oversight costs, as found in Footnote 44 of the Opinion and Order.[10] As DNREC accurately notes, it did not withdraw its request for those costs. As DNREC also accurately recognizes, the Court's mistaken reference to a DNREC concession does not change the outcome. Namely, the $105,464.87 in costs sought by DNREC included the Ten Bears' invoices paid by DNREC *and* DNREC's oversight costs. As explained in that footnote, DNREC met its burden on summary judgment when it demonstrated that the administrative costs were reasonable, necessary, and related to pollution at the Site. In the Booths' briefing and at oral argument, they identified no material issues of fact regarding the proper *amount* of costs awarded: $105,464.87.[11] The Court's mistaken reference to DNREC's abandonment of $8,508.16 of the $105,464.87 judgment amount does not affect the outcome. The judgment amount remains correct, making the motion for reargument properly denied.

6. Similarly, the Booths' Superior Court Civil Rule 60(a) motion for correction of the Opinion and Order is also denied. In the Booths' motion, they request that the Court rephrase portions of its Opinion to satisfy (1) their preferences

---

[10] *Id.* at *5.

[11] After DNREC met its initial burden on summary judgment, the Booths failed to identify an issue of fact regarding the *amount* of damages DNREC suffered. They had a full opportunity to do so in their briefing and an additional opportunity to do so at oral argument. As to the latter, the Court posed the following question: "what evidence of record do you have that DNREC did not fairly . . . incur . . . $105,000 in damages?" Tr. Garvin 46:6-8. For the balance of the oral argument, the Booths identified no evidence to contest the accuracy of the $105,464.87 claimed by DNREC. Rather, the Booths continued to argue an alternative definition of the word "incurred" and that brownfield monies paid at the direction of DNREC were not costs incurred. *Id.* at 46:6-8 – 91:14.

regarding phrasing, (2) their version of the summary judgment record, (3) their interpretation of the Secretary's Order, and (4) their incorrect theories of the case. A motion made pursuant to Rule 60(a) is not the appropriate mechanism for such requests.

**WHEREAS**, for the reasons discussed above, the Booths' motions for reargument and correction of the Court's Opinion and Order are denied.

**IT IS SO ORDERED.**

<u>/s/Jeffrey J Clark</u>
Resident Judge

JJC/klc
*Via File & Serve Express*
oc: Prothonotary
    Counsel of Record